Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KIMBERLY ROJAS, an individual, | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)** |
| v. | Prayer: $450,000.00 |
| LEGACY HEALTH, a corporation, | NOT SUBJECT TO MANDATORY ARBITRATION |
| Defendant. | JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Kimberly Rojas, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**INTRODUCTION**

This case goes to heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the very topical controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation.

And this case is about the Plaintiff and the unlawful religious discrimination she suffered at the hands of her employer, Legacy Health.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Kimberly Rojas, lives in Clackamas County, Oregon. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon, and has its headquarters in Vancouver, Washington. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about September 12, 2022.

2.

At all material times, Plaintiff was a resident of Clackamas County, Oregon and worked in Multnomah County, Oregon.

3.

At all material times, Defendant Legacy Health was regularly conducting business in the State of Oregon, specifically at the Legacy Meridian Park Hospital, Tualatin, facility.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff worked for fifteen years as a Registered Nurse at the Legacy Emanuel Hospital in Portland, Oregon, before transferring to Legacy Meridian Park Hospital for a position as Assistant Nurse Manager/Unit Educator for the Family Birth Center. Plaintiff has dedicated her life to nursing and advocating for patients and she is a life-long learner. She is highly skilled and

well-regarded for her skills. Plaintiff received excellent reviews and worked without issue until the COVID-19 pandemic.

6.

Plaintiff has deeply held religious beliefs. Plaintiff is dedicated to following the tenets of her faith to the best of her ability.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her patients and colleagues. Plaintiff did so with little thought to her own well-being because of her dedication to her work and to the Defendant's patients. Plaintiff also scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), testing for COVID-19, hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

9.

In the summer of 2021, Plaintiff was notified that the Defendant would be implementing and enforcing a vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict to the vaccine and/or to the taking of the vaccine could apply for religious exceptions. As a person with deeply held spiritual beliefs, Plaintiff had serious objections to taking the vaccine because she believes that God gave her signs to avoid COVID-19 vaccines. In May 2021 Plaintiff was diagnosed with COVID-19 and recovered, without needing any medical intervention. This strengthened her belief that God had tested her faith,

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

and it had held strong because she had listened to His signs.

10.

In June 2021, Defendant sent emails to employees informing them that if they had not received the COVID-19 vaccine, that they would need to sign a COVID19 declination form to decline the vaccine.  Plaintiff followed their requirements and signed the form before the deadline given. At the beginning of August 2021, Defendant announced a new COVID-19 policy, requiring unvaccinated employees to request medical or religious exemptions by August 30, 2021. On or about August 27, 2021, Plaintiff filed the formal paperwork for a religious exemption.  Plaintiff's manager, Sandra Evangelista, incorrectly informed Plaintiff that if she did not resign, and allow herself to be terminated, that she would lose all of her retirement benefits.

11.

On September 27, 2021, Plaintiff was notified that her religious exemption had been denied and that she would be placed on unpaid administrative leave as of October 1, 2021. Prior to this, on or about September 24, 2021, Plaintiff received an email from Defendant indicating their intent to deny more than 800 of the approximately 900 employees who had requested a religious or medical exemption from taking the COVID-19 vaccine. No decision appeals were allowed. Plaintiff was terminated on October 20, 2021.

12.

Prior to Plaintiff's placement on unpaid leave, she suffered a hostile work environment, including rude and discriminating comments from colleagues about her faith and vaccine statuts.

13.

The termination of Plaintiff's employment, pay and medical benefits have had a significantly negative impact on her life. Plaintiff did not claim unemployment as many similarly terminated work colleagues were denied. Plaintiff lost her annual income of $116,000.00, her RNC certification bonus of $2,000.00, as well as medical, dental and vision

benefits for her family of seven, forcing them onto the Oregon Health Plan for coverage.

13.

Plaintiff has suffered from stress, loss of focus and grieving from the loss of her job of over sixteen years. She has suffered insomnia, anxiety and depression and has lost the trust in most of healthcare.

14.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's presence suddenly created an "unacceptable health and safety risk" necessitating her termination. In early 2022, Defendant changed its policy again, and required employees to show up to work while Covid positive, if their symptoms were manageable with over-the-counter medications.

15.

Plaintiff's termination date should be treated as October 20, 2021, based on the Defendant's termination of Plaintiff's pay.

16.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not, as claimed, to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiff based one her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

17.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered economic loss and emotional distress. She also has been ostracized and stigmatized unfairly for her religious convictions.

//

## FIRST CLAIM FOR RELIEF

## (Unlawful Employment Discrimination Based on Religion

## in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

18.

Plaintiff is a member of a protected class on the basis of her sincerely held religious beliefs.

19.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

20.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to work remotely, or to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate, and as other healthcare providers have done.

21.

Instead of finding a reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

22.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $150,000.00 in economic damages, or a different amount

to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

23.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious beliefs.

24.

Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

25.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to work remotely, or to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate, and as other healthcare providers have done.

26.

Instead of finding a reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

27.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $150,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $150,000.00.
2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.
3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.
4. Any other relief as the Court deems just and equitable.

DATED this 9th day of December, 2022.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff